IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| NEW CENTURY HOLDINGS, ) | Bk. No. 07-10416 (KJC) |
| INC., et al., ) | |
| ) | |
| Debtors. ) | Jointly Administered |
| | |
| PIERRE RICHARD AUGUSTIN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civ. No. 09-732-SLR |
| ) | |
| NEW CENTURY LIQUIDATING TRUST,) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM ORDER**

At Wilmington this \5+~ day of July, 2010, having considered the motion to dismiss filed by New Century Liquidating Trust ("the Trust") against Pierre Richard Augustin ("Augustin"), and the papers submitted in connection therewith;

IT IS ORDERED that the motion to dismiss (D.I. 5) is granted for the reasons that follow:[1]

1. New Century TRS Holdings, Inc., and its affiliated companies (collectively, "debtors"), filed chapter 11 petitions on April 2, 2007.[2] In January 2008, Augustin filed

---

[1]Accordingly, in light of the reasons set forth herein, Augustin's request that this court issue a writ of mandamus compelling the bankruptcy court to compel the Trust to provide proper discovery answers is denied. (D.I. 10)

[2]*In re: New Century TRS Holdings, Inc., et al*, Bk. No. 07-104160 (KJC) (hereinafter cited as "Bk.")

two proofs of claims[3] against the debtors. (Bk. at D.I. 5024, 5537) On February 22 and May 27, 2008, the debtors objected to Augustin's claims, creating a contested matter. (*Id.* at D.I. 9332) After the debtors' chapter 11 plan became effective, the Trust assumed prosecution of the debtors' objections.

2. On September 4, 2008, the bankruptcy court issued a scheduling order to allow for formal discovery of Augustin's contested claims.[4] On April 14, 2009, the bankruptcy court entered a revised scheduling order, allowing additional discovery by Augustin to be answered by the Trust on May 13, 2009. (*Id.* at 9587)

3. On July 17, 2009, Augustin filed an emergency request to obtain information from the Trust, essentially arguing that the Trust failed to supply documents in response to his motion to compel. (*Id.* at 9736) On August 3, 2009, Augustin filed an objection to the Trust's discovery documents and moved for emergency relief to compel answers and production of documents. (*Id.* at 9757) The Trust filed an objection to the Augustin's applications. (*Id.* at 9837)

4. The bankruptcy court held a telephonic hearing to consider the motions. On August 31, 2009, the bankruptcy court denied Augustin's emergency request and objection. (*Id.* at 9867) The court also ordered the Trust to re-serve its responses to Augustin's discovery request and, to the extent that Augustin's motion to compel included any additional discovery requests, the court ordered those requests quashed

---

[3]Augustin, subsequently, agreed to expunge one proof of claim as duplicative.

[4]More specifically, deadlines were set for: fact and deposition discovery; expert reports; expert discovery; dispositive motions; pretrial memorandum and a trial. (*Id.* at D.I. 8905)

as untimely. (*Id.*) On September 9, 2009, Augustin filed the instant emergency notice of appeal in this court. (*Id.* at 9875)

     5. **Discussion.** This court has jurisdiction to hear appeals "from final judgments, orders, and decrees" or "with leave of court, from other interlocutory orders and decrees" of bankruptcy judges pursuant to 28 U.S.C. § 158(a)(1), (a)(3). The bankruptcy court's order is clearly a discovery order addressing Augustin's motions to compel and quashing as untimely any additional requests by Augustin on the Trust. Discovery orders, generally, are interlocutory and not final decisions. *Adapt of Philadelphia v. Philadelphia Housing Authority*, 433 F.3d 353, 360 (3d Cir. 2006); *In re Kaiser Group Int'l, Inc.*, 400 B.R. 140, 144 (D. Del. 2009).

     6. In deciding whether an interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. § 1292(b), which governs whether an appeal of an interlocutory order of a district court to a court of appeals is warranted. *See In re Magic Restaurants, Inc.*, 202 B.R. 24, 25 (D. Del.1996); *In re SemCrude, L.P.*, 407 B.R. 553, 556-57 (D. Del. 2009). The party seeking leave to appeal an interlocutory order must establish that "exceptional circumstances justify a departure from the basis policy of postponing review until after the entry of final judgment." *In re Delaware and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del.), *aff'd*, 884 F.2d 1383 (3d Cir.1989). Piecemeal litigation is generally disfavored by the Third Circuit. *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988).

7. Moreover, under § 1292(b), an interlocutory appeal will be granted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corporation,* 496 F.2d 747, 754 (3d Cir. 1974). Leave to file an interlocutory appeal, however, may be denied for reasons apart from this specified criteria, including such matters as the appellate docket or the desire to have a full record before considering the disputed legal issue. *Id.*

8. Considering the circumstances of this case in light of the applicable legal principles, the court concludes that an interlocutory appeal of the bankruptcy court's discovery order is not warranted. First, it is apparent that the bankruptcy court's order does not involve a controlling question of law as to which there is substantial ground for difference of opinion; instead, the issue is a review of a discovery order concerning the adequacy of discovery responses and the appropriateness of quashing Augustin's additional discovery requests. Second, this matter will not be advanced by permitting interlocutory appeal; instead, the bankruptcy court must still render a final determination on the merits of Augustin's claims. Exceptional circumstances are not present to warrant a review of this matter prior to a final determination by the bankruptcy court.

_____
United States District Judge